88    39
50a  375

---

## THE HOWE SEWING MACHINE COMPANY

### *v.*

## SAMUEL O. LAYMAN *et al.*

1.   CONTRACT—*right to rescind.*   When two parties contract to act as agents to canvass for and sell sewing machines for a company in a particular locality, and the company withdraws them from such place, they will have the right to rescind the contract and cease to act; but if they have given a bond, with sureties, for the performance of their duties, which reserves to the company the right to change the character of the employment within the scope of the business of the company, they will not have the right to rescind, although directed to canvass in a different locality.

2.   SURETY—*change of place of business as affecting liability of surety.*   A surety for the faithful performance of the duties of two persons appointed agents to sell sewing machines in a particular locality, the contract providing that such agents shall account for all machines entrusted to them, and the right is reserved to the principal, in their obligation, to change the character of the employment, is not released by the withdrawal of the agents from the particular locality and directing them to sell elsewhere, when one quits the business, giving no notice thereof, and the other goes to another place and there receives machines which he fails to account for, but such surety will be liable for the price of such machines, less the agents' commissions and any damages the

agents may sustain by reason of the company not furnishing a wagon in the time agreed on to enable them to carry on the business.

3. Instructions—*should be based on evidence.* It is the duty of the court to construe written contracts, and the instructions in all cases should be based on the evidence, and not on facts of which there is no evidence. Where there is no evidence tending to prove the rescission of a contract, it is error to leave that question to the jury by instruction.

Appeal from the Circuit Court of Sangamon county; the Hon. Charles S. Zane, Judge, presiding.

Mr. William L. Gross, for the appellant.

Mr. Justice Walker delivered the opinion of the Court:

This was a suit brought on a bond executed by appellees to the Howe Sewing Machine Company, to recover for breaches of its conditions. It appears that Layman and Duncan undertook to sell sewing machines for the company, the company to furnish machines, with the usual attachments and findings, they agreeing to sell and account for the same. But before they entered upon this employment, they, with the other appellees as their sureties, entered into a bond in the penalty of $2,000, conditioned, that Layman and Duncan should faithfully discharge the duties of the employment, return the property placed in their hands and not sold, and account to the company for what they should sell, as well as any other property of the company that might come to their hands, and they and their sureties would pay to the company any indebtedness and discharge any liability that existed at the time the bond was executed, of Layman and Duncan to the company, or that might afterwards in any manner be created by them and arising out of their employment by the company.

It was further provided, that the company might change the character of the employment within the scope of the business of the company, and the bond should extend to and embrace the faithful performance by Layman and Duncan of such new employment; and the company might take from them any

other or further security without affecting the liability of the sureties.

The written agreement entered into by Layman and Duncan some seven days after the execution of the bond, specified that they were to canvass for the company for the sale of machines in Virden and vicinity, devoting their whole time and attention to such business, and to furnish, each, one horse and harness, but to be supplied with a wagon each, suited to their needs as canvassers, by the company, which were to be returned in as good condition as when received, ordinary wear and tear excepted.

They bind themselves to sell, and account for the property and its proceeds; as compensation for their services they were to receive 35 per cent of the amount of sales; they were to be furnished with two wagons within ten days of the date of the agreement, and one wagon was furnished according to agreement, but the other was not for about forty days afterwards. About the 24th day of June they commenced work for the company, working together part of the time, and Duncan a portion of the time in and around Springfield, until the second wagon was furnished. They then worked in the vicinity of Virden, but were soon afterwards directed to leave that locality, as it belonged to the Alton district. Layman, as directed by the company, went to Winchester, and was there about four weeks, and was paid $15 per week whilst there. After leaving Winchester he received other machines and sold them. Layman and Duncan worked about sixty or sixty-five days before they left Virden, and Duncan then quit. They received three machines before leaving the vicinity of Virden, and Layman received four afterwards that were not accounted for by them.

Appellees claim that their contract ended when the agents were withdrawn from Virden, and that they are only liable for the three machines received and unaccounted for previous to that time, and that Layman is alone liable for the four received afterwards and not paid or otherwise settled for.

As Layman and Duncan had contracted to canvass in and near Virden, they would have been authorized to rescind the contract when withdrawn from that place, but for the provision in the bond that the company might change their location for work. Layman continued to work for the company, and Duncan gave no notice that he regarded the contract as terminated. They do not seem to have claimed that their removal from the vicinity of Virden terminated their contract, nor did Duncan, when he quit, give the company any such notice, or make any such claim. They were acting together, and what one did bound not only himself but the other. The bond provides, that it shall be binding if the business of the canvassers or their location should be changed by the company, notwithstanding they only agreed specifically to work at Virden or in its vicinity; hence, when the change was made, they were bound to accept the change, and could not have refused, and they do not seem to have interposed any objection, therefore the bond remained binding on all the obligors for previous as well as for the future acts of Layman and Duncan. It, then, follows, that the obligors in the bond were liable for all the machines unaccounted for by Layman and Duncan. The last four were, according to the evidence, received under and embraced in the bond as well as the first three, and, not being accounted for, the obligors were bound to pay for them as well as the others.

But they have the right to have deducted from the amount 35 per cent, the commissions Layman and Duncan were to receive on all sales. And if they sustained damages by the company failing to furnish the wagon according to the agreement, and have not waived the right to claim them, such reasonable amount as may be proved should also be deducted from the price of the machines.

It was the duty of the court trying the cause to construe the terms of the bond. And instructions should in all cases be based on the evidence, and especially in a case like the present. There was no evidence before the jury that Layman and Duncan had terminated the contract set out in the bond

before the last four machines were received, and it was error to leave the question of rescission to the jury by instructions. The instructions on that question were calculated to mislead, and should therefore have been refused. The evidence does not sustain the verdict, and a new trial should for that reason have been granted, as well as for a misdirection of the jury.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*